87 F.3d 1324
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Melvin Neal HUNTLEY, Defendant-Appellant.
 No. 95-35966.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 7, 1996.*
Decided June 12, 1996.
 
 1
 Before: BROWNING and T.G. NELSON, Circuit Judges, and SMITH,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Huntley concedes that he received notice of the administrative forfeiture and did not contest it. Thus, his double jeopardy claim is foreclosed by our decision in United States v. Cretacci, 62 F.3d 307 (9th Cir.1995), petition for cert. filed, (Feb. 13, 1996) (No. 95-7955) (criminal prosecution following an administrative forfeiture of unclaimed property does not offend Double Jeopardy Clause); see also, United States v. Castro, 78 F.3d 453, 456-57 (9th Cir.1996) ("There is no authority for finding that anything less than a legally sufficient claim and bond precludes the government from determining that the property is abandoned as a matter of law and the forfeiture is uncontested."). Even if Cretacci announced a new rule under Teague v. Lane, 489 U.S. 288 (1989), the law at the time of Huntley's conviction was no more sympathetic to his double jeopardy argument. Huntley can point to no pre-Cretacci authority holding that an uncontested administrative forfeiture exposes the prior owner to jeopardy.
 
 
 4
 Huntley was not forced to waive a double jeopardy claim--he had such a claim only if twice exposed to jeopardy. The double jeopardy right is a right not to be subjected to a second proceeding if jeopardy has attached to a prior proceeding. Jeopardy did not attach in the uncontested administrative forfeiture proceedings.
 
 AFFIRMED.[1]
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 The Honorable Fern M. Smith, District Judge, United States District Court for the Northern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because Huntley's appeal fails on the merits, we need not address the effect of Antiterrorism and Effective Death Penalty Act of 1996